CHARLES RICHARDSON v. J. M. BELL, Syndic of Estate of J. M. BELL.

It is the duty of the syndic in selling a slave at auction to declare the existence of any disease in the slave known to him, and which could not be discovered on simple inspection.

Where he has failed to do so, the sale will be rescinded on the ground of such redhibitory vice.

Where the existence of the disease before the sale to the knowledge of the vendor is clearly shown, a *post mortem* examination is not necessary.

APPEAL from the District Court of West Feliciana, *Ratliff*, J. Tried by a Jury. *Brewer & Collins*, for plaintiff. *U. B. & E. Phillips*, for defendant and appellant.

MERRICK, C. J. The plaintiff sues the defendant to rescind the sale of a slave sold to the plaintiff at the sale of the property belonging to the insolvent estate. The case was tried by a jury who found in favor of the plaintiff, and after an unsuccessful attempt to obtain a new trial, the syndic has appealed.

It will be necessary to notice but a few of the questions raised in this case. The testimony abundantly established the fact, that the slave died of a redhibitory disease, which existed prior to the sale, to the knowledge of the defendant. Where the testimony clearly shows that the disease existed prior to the sale to the knowledge of the vendor as in this case, no *post mortem* examination is necessary. The plaintiff has done what was incumbent upon him, viz., he has made his case legally certain. If a physician was not called to treat the negro, it was because when examined by *Dr. James Perkins*, he discovered that the disease was one in which medicine could produce no favorable effect. This objection, moreover, has less effect, as the negro, after having been tendered, had been hired to the defendant himself, who had been a physician, and he was in the defendant's possession when he died.

It is further urged that the action of redhibition does not lie against a syndic on account of property sold at the syndic sale. The jury were instructed by the Judge trying the case, that such was the law in a case of simple restitution and that they must find for the defendant, unless they were of the opinion that there had been fraud in the conduct of the defendant. C. C. 2597. The jury, therefore, if they regarded the instructions of the court must have concluded that the conduct of the defendant was such as to give rise to the action. The testimony of the syndic was taken, from which it appeared that he was aware of the disease of the negro and had caused him to be treated for it.

It was certainly a grave oversight in the syndic, who was present at the sale, in not declaring the existence of the disease, it being one which could not be discovered on simple inspection. Although he may not have thought it his duty as agent of the creditors to inform the auctioneer who was making the sale, or announce the fact to the bidders, yet the consequence of placing a diseased negro upon the stand as sound and suffering him to be adjudicated to all appearances as such, when he knew the contrary, was as injurious to the the plaintiff as would have been the case of fraudulent misrepresentations.

If, therefore, it be conceded that the law was correctly stated to the jury by the District Judge, a point not necessary to decide, we are not prepared to say that the jury had not sufficient evidence before them to justify their inferences and support their verdict. C. C. 1841, No. 6 ; Ibid, 1842.

Judgment affirmed.